ASHKAUN RAFIGH
GENERAL DELIVERY
PASO ROBLES, SAN LUIS OBISPO
CA 93446
8058051557

s/I

PAID
DEC 15 2023
CLERK, U.S. DISTRICT COURT
COURT 4612
MMC

FILED
2023 DEC 15 PM 3:10
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

ASHKAUN RAFIGH

*Plaintiff*

v.

CITY OF PASO ROBLES POLICE DEPARTMENT and JUAN VALDEZ in their individual capacity and JOSEPH GONZALES in their individual capacity

*Defendants*

**Complaint for Violation of Civil Rights**
(Non-Prisoner Complaint)

Case No. 2:23-CV-10524-HDV-SK
*(to be filled in by the Clerk's Office)*

Jury Trial:  YES

Parties & Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . p.3

Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . p.4,5,6

Injury & Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . p.7

Certification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . p.8

## I. The Parties to This Complaint

### A. The Plaintiff

ASHKAUN RAFIGH
General delivery
Paso Robles, San Luis Obispo
CA 93446
8058051557
stimem@protonmail.com

### B. The Defendants

Name            JUAN VALDEZ
Job or Title    Police Officer
Address         900 Park St, Paso Robles, CA 93446

 Individual Capacity


Name            JOSEPH GONZALES
Job or Title    Police Officer
Address         900 Park St, Paso Robles, CA 93446

☒ Individual Capacity


## II. Basis for Jurisdiction

Unlawful seizure: 4TH Amendment to the U.S. Constitution; 42 U.S.C § 1983. Wanton negligence of exculpation, malicious prosecution, false arrest.

Defendant CITY OF PASO ROBLES POLICE DEPARTMENT is a government organization operating in the SAN LUIS OBISPO DIVISION of the DISTRICT of CALIFORNIA, and Defendants JUAN VALDEZ and JOSEPH GONZALES is Police Officers employed by CITY OF PASO ROBLES POLICE DEPARTMENT. The events giving rise to this Complaint occured in the SAN LUIS OBISPO DIVISION of the DISTRICT of CALIFORNIA.

### III. Statement of Claim

A.
On 12/16/2022, ASHKAUN RAFIGH, refered to as Plaintiff, was a resident of the San Luis Obispo Division of the Disrict of California. Under a tree in San Luis Obispo County, California, in the sand lot next to the railroad tracks off the threeway intersection of Pine and 4th in the vicinity of a shopping cart and an accuser of violence. Plaintiff is cold from the temperature, and docile.

B.
12/16/2022. Late in the evening, early in the night.
Approximately through the hour of 9:00pm (21:00:00)

C.
The non-formal practice of Police decit is a risk to the integrity of facts during an investigation, herein throughout becoming progressively more engulfed with decit in its application it is questionably used to substanciate claims to the extent of a conspiracy to disregard evidence of exculpation in addition to a conspiracy to violate 4TH Amendment rights of Plaintiff.

1.
The facts, before us gathered from body cam videos with timestamps to help refrence, in addition to recollection, descern that Officer VALDEZ was acting in respnse to a call claim of violence with no visual injurys, asking questions of where the marks came from in accordance with non-formal lie-for-confession decit tactics, and in contrary to exoneration, Officer GONZALES brings decit to distort the nature of information presented, blatantly and wilfuly disregarding exculpatory evidence out of malice.

   2.
   Officer VALDEZ questiond the accuser, then stated to dispatch "She's .. stating .. Ash strangled her" (21:09:44).

   3.
   Officer VALDEZ continuted statement to dispatch "No visual injurys" (21:09:51).

   4.
   Plaintiff spoke in reply to officer decit with heterosexual discourse "Is not my fault that I'm straight"(21:13:14).

   5.
   In earshot of Plaintiff, Officer VALDEZ states that "He's saying he never hit or chocked her" (21:15:46), speaking to Officer GONZALES.

### III. Statement of Claim cont. section C.

6.
Officer GONZALES asks if at any point "did you choke her"*(21:19:51)*. Plaintiff replys "We didn't even get into it to get to that point" *(21:20:31)*. Officer GONZALES asks again "did you choke her at all tonight" *(21:20:43)*. Plaintiff replys in wit using context clues in conjunction with secondhand knowledge, most likely "The necklace is very tight" *(21:21:00)* "She's wearing a tight necklace" *(21:21:18)* should have sufficed how a claim with "No visual injurys"(21:09:51) would corrolate with "Possible mental health"(21:09:53). Officer GONZALES asks questions in decit regarding the nature of Plaintiff's "observation" *(21:21:46)*. Here the fault of malice is as decit through the non-formal practice that stems from training Officer GONZALES has recieved from PASO ROBLES POLICE DEPARTMENT. Officer GONZALES begins a skewed orientation of the facts based on decit, rather than the facts presented. It is the decit that engulfed the suspicion of Officer GONZALES became that of said individual when Officer GONZALES begun conspiracy with Officer VALDEZ to deprive Plaintiff of 4TH Amendment rights (21:22:48) without having probable cause of crime. Officer VALDEZ then returns to questioning Plaintiff. Plaintiff says "She was talking about some other stuff, and, she's yelling a bunch of threats about stuff that is not real" *(21:31:10)*. Officer VALDEZ closes the epilogue with decit "She has a couple red marks on her neck" "how she got them" *(21:31:32)* approximately 20 minutes after stating to dispatch "No visual injurys" *(21:09:51)*. Herby explicitly showing how non-formal customs of lie-for-confession causes Officer VALDEZ to substanciate a claim using decit as justification, clearly to the contrary of their own statement of visual evidence. It is at this point both Defendants are engulfed in the decit of their own statements. How is it possible that an individual can prove innocence to a lie? Plaintiff does not know this, and says "I literally don't know" *(21:31:47)*.

7.
The wanton nature of Officer GONZALES declining to look at evidence, to relying on hearsay "No, she said that happened" (21:32:45) in leiu of Officer VALDEZ questioning intent as requesting fellow officer to "look at her marks"(21:32:41). The dismissal of even looking at potential evidence that was initially noted as exculpatory, was brought about due to the standard practice of tactics that enable officers to bring malice in the form of discretionatorily observable information to fit the decit narrative, even though the decit narrative does not match exculpatory evidence in refrence to Officer suspicion.

### III. Statement of Claim cont. section C.

8.

The cumulation of wilful negligence of evidence courses from engulfing in lies-for-confession are the underlying epitomes of malice, concluding with the application of physical force to the body of Plaintiff in the form of Officer VALDEZ grabbing of Plaintiff arm with intent to restrain. (21:32:55).

9.

Officer VALDEZ then takes photographic evidence of accuser(21:43:41) on the way to prison after Plaintiff is arrested.

10.

The case status was dismissed before trial on 02/09/2023 citing insufficient evidence.

## IV. Injuries

The inconvienience of emotional distress in the form of anxiety of fear and depression of the magnitude of reckles wanton that could occur at any given moment in spite of recognized plausabilities and exculpatory evidence. Coupled with the fear that people with authority can believe their own decit and deprive others of Constitutionally protected liberty is what causes detrimental social anxiety.

The anxiety of fear extends in that figures of authority have been enacting personal prejudice in situations even that are contradicted by a plethora' alibi of evidence, only to be furthered in wanton with blatant disregard for exculpation.

The combination of anxiety and depression have caused social withdrawl, nearing the point of isolation.

I'm no longer am ecstatic about social events that I once would have lived for such as free food and giveaways on certain weekends including but not limited to Easter, Thanksgiving, parades, Halloween. I stopped reaching out to nearly all my friends, and let personal relationships fade away as a result of the fear that stem from this experience that negligence has been used in peculiar discression regarding exculpation by a figure of authority.

Social isolation is seen as the only peaceful way to live life with less fear, because of affirmentioned experience.

## V. Relief

Non-economic damages due to humiliation, anxiety, loss of social skills, inconvenience, and social withdrawl out of fear, in the amount of $2,000,000.00

Punative damages repramanding Officer JUAN VALDEZ due to maliciously using decit narrative as justification, in the amount of $10,000.00

Punative damages repramanding Officer JOSEPH GONZALES due to wilful negligence of exculpatory evidence, in the amount of $20,000.00

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where caserelated papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____12/15/2023_____.

Signature of Plaintiff _____*(signed)*_____

Printed Name of Plaintiff _____ASHKAUN RAFIGH_____.