# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ASHKAUN RAFIGH,

                    Plaintiff,

    v.

CITY OF PASO ROBLES POLICE
DEPARTMENT, et al.,

                    Defendants.

Case No. 2:23-cv-10524-HDV (SK)

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report").  Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends the grant of Defendants' motion for summary judgment.  (ECF No. 51.)  Plaintiff's dispute of the Report (ECF No. 52) does not warrant a change to the Report's findings or recommendations.

Plaintiff objects that there is a genuine dispute of material fact as to whether Defendants violated Plaintiff's Fourth Amendment right to be free from unlawful arrest for domestic violence.  (ECF No. 52 at 2.)  Plaintiff specifically objects that probable cause was absent because Officer Valdez stated there were no visual

injuries on the alleged victim.  (*Id*.)  As the Report found, however, Plaintiff does not and cannot genuinely dispute what the officers were told by the victim.  (ECF No. 51 at 5.)  The victim told the officers that Plaintiff had choked her, was visibly upset, maintained a consistent story even after being questioned a second time, and specified that she wanted to press criminal charges.  (*Id*.)  No rational trier of fact could find that police lacked probable cause to arrest Plaintiff.  (*Id*. at 6.)

Plaintiff objects that corroboration of the alleged victim's account, which Plaintiff denied at the scene, was required for probable cause.  (ECF No. 52 at 2-4.)  As the Report found, however, "[u]nder appropriate circumstances, an officer may rely solely on a victim's credible statement in determining probable cause exists to believe a crime has been committed."  (ECF No. 51 at 5 (quoting *Adams v. Kraft*, 828 F. Supp. 2d 1090, 1104 (N.D. Cal. 2011)).  Plaintiff does not challenge evidence showing that the alleged victim, when talking to the arresting officer, was visibly upset and gave consistent and detailed accounts of the alleged choking incident.  (ECF No. 43-1 at 9-10.)  Thus, the alleged victim provided "facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator."  *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir. 2003) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1444 (9th Cir. 1991)).

Plaintiff objects that the City of Paso Robles is liable under *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978).  (ECF No. 52 at 5.)   As the Report found, however, Plaintiff's inability to prove an underlying violation of federal law based on the alleged unlawful arrest means there can be no municipal liability under *Monell*.  (ECF No. 51 at 7.)  And as the Report further found, even if Plaintiff could establish such an underlying violation, he still has not identified any policies, practices, or customs that were the moving force behind the alleged unlawful arrest.  (*Id*.)

\\

1         IT IS ORDERED that (1) the Report and Recommendation is accepted and

2    adopted; (2) Defendants' Motion for Summary Judgment is granted; and

3    (3) Judgment will be entered dismissing this action with prejudice.

4

5    DATED: __5/1/2025_____

6

7                             _____

8                               HERNÁN  D. VERA
                           UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28